IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BLAKE REYES,                                             Case No. 3:22-cv-01404-SB

                              Plaintiff,              **OPINION AND ORDER**

              v.

U.S. GOV'T FCC,

                              Defendant.

_____

**Michael H. Simon, District Judge.**

Before the Court is plaintiff Blake Reyes's ("Reyes") application to proceed in forma

pauperis. As explained below, Reyes's complaint is frivolous, and the Court therefore denies

Reyes's application to proceed in forma pauperis and dismisses Reyes's complaint with

prejudice. *See generally Chester v. Tacoma Cmty. Coll.*, 543 F. App'x 699, 700 (9th Cir. 2013)

(recognizing that "[a] district court may deny leave to proceed in forma pauperis at the outset if it

appears from the face of the proposed complaint that the action is frivolous or without merit"

(quoting *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987))).

///

///

PAGE 1 – OPINION AND ORDER

## DISCUSSION

A district court must perform a preliminary screening of an in forma pauperis complaint and dismiss any claims that are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (explaining that § 1915(e)(2)(B) applies to non-prisoners); *Preciado v. Salas*, 2014 WL 127710, at *1 (E.D. Cal. Jan. 14, 2014) (stating that courts are "required to screen complaints brought by plaintiffs proceeding pro se and in forma pauperis") (citation omitted). Reyes's complaint is frivolous.

In his complaint, Reyes alleges that his face and head started to hurt and he began hearing "people talk[ing] about [him]," after he walked past a water tower in Oregon and a National Institute of Health ("NIH") building in Maryland. (Compl. at 7-8, ECF No. 2.) Reyes alleges that the Federal Communications Commission ("FCC") "is responsible" for these incidents, a former U.S. Attorney would "not stop" the FCC and instead instructed Reyes to see a doctor, and the government "said they will do the torture of [Reyes] for [six] more years." (*Id.* at 5-8.) In terms of damages, Reyes seeks "250 mill[ion] for loss of income[,] books[,] movies[,] e[tc]." (*Id.* at 5.)

"[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Hejazi v. Or. Country Fair*, 2021 WL 6103122, at *1 (9th Cir. Dec. 22, 2021) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The Ninth Circuit has "defin[ed] 'frivolous' as having no arguable basis in fact or law," and explained that "[a] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Id.* (quoting *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) and *Tripati*, 821 F.2d at 1370); *see also Duncan v. Doe*, 2019 WL 1904443, at *3-4 (D. Mont. Apr. 9, 2019) (determining that the self-represented plaintiff's allegations were "facially irrational and wholly incredible" and fell "within the class of 'clearly baseless' claims that a district court may dismiss as factually

PAGE 2 – OPINION AND ORDER

frivolous," and therefore recommending that the district judge dismiss the action as frivolous), *findings and recommendation adopted*, 2019 WL 1904884, at \*1 (D. Mont. Apr. 29, 2019).

Reyes's complaint includes only fanciful and baseless factual allegations, and district courts have concluded that similar allegations were "clearly baseless." *See, e.g.*, *Frost v. United States*, 2020 WL 1288326, at \*1-5 (N.D. Cal. Mar. 18, 2020) (determining that the self-represented plaintiff was a vexatious litigant and summarizing the plaintiff's previously dismissed cases, including an in forma pauperis complaint against the FCC, which a court screened as "clearly baseless" because the plaintiff alleged that he "remain[ed] debilitated, harassed, and often physically and mentally tortured by an unidentified carrier of wireless communications services" and that unidentified individuals were "able to read all of [the] [p]laintiff's thoughts" using "a two-way radio system in [the plaintiff's] head").

Consistent with these authorities, the Court denies Reyes's application to proceed in forma pauperis and dismisses Reyes's complaint with prejudice.

## CONCLUSION

For the reasons stated, the Court DENIES Reyes's application to proceed in forma pauperis (ECF No. 1), and DISMISSES Reyes's complaint with prejudice.

**IT IS SO ORDERED.**

DATED this 25th day of October, 2022.

Michael H. Simon
United States District Judge

PAGE 3 – OPINION AND ORDER